# UNITED STATES DISTRICT COURT

EASTERN District of LOUISIANA

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| TRACY RICHARDSON BROWN | ) | Case Number: 2:13-00243-001 "K" |
| | ) | USM Number: 33565-034 |
| | ) | EDDIE JORDAN, JR. |
| | | Defendant's Attorney |

**THE DEFENDANT:**

Last 4 digits of Social Security No.: 9185

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)  1 THROUGH 18 OF THE INDICTMENT ON APRIL 30, 2016
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1347, 1349 | Conspiracy to Commit Health Care Fraud | February 2009 | 1 |
| 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(1)(A) | Conspiracy to Pay Remuneration | February 2009 | 2 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | June 2009 | 3 through 11 |
| 42 U.S.C. § 1320a-7b(b)(1)(A), (b)(2)(A) | Illegal Remuneration | February 2009 | 12 through 18 |

       The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

       It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

AUGUST 11, 2016
Date of Imposition of Judgment

_[signature]_
Signature of Judge

COURT REPORTER: DONNA GOREE
U.S. ATTORNEY: WILLIAM KANELLIS AND PATRICE SULLIVAN
PROBATION OFFICER: SVETLANA ARLOVA
COURTROOM DEPUTY: DEAN OSER/KIMBERLY COUNTY

STANWOOD R. DUVAL, JR., U. S. DISTRICT JUDGE
Name and Title of Judge

AUGUST 11, 2016
Date

DEFENDANT: TRACY RICHARDSON BROWN
CASE NUMBER: 2:13-00243-001 "K"

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 80 MONTHS

**80 MONTHS AS TO EACH OF COUNTS 1 AND 3 THROUGH 11 AND 60 MONTHS AS TO EACH OF COUNTS 2 AND 12 THROUGH 18, ALL SUCH TERMS TO RUN CONCURRENTLY**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  X before 12 p.m. on   NOVEMBER 9, 2016  .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: TRACY RICHARDSON BROWN
CASE NUMBER: 2:13-00243-001 "K"

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 YEARS
**3 YEARS AS TO EACH OF COUNTS 1 THROUGH 18 OF THE INDICTMENT, ALL SUCH TERMS TO BE RUN CONCURRENTLY**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TRACY RICHARDSON BROWN
CASE NUMBER: 2:13-00243-001 "K"

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the United States Probation Officer.

The defendant shall submit to a mental health evaluation. If treatment is recommended, the defendant shall participate in an approved treatment program and abide by all supplemental conditions of treatment, to include medication as prescribed. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

The defendant shall pay any restitution that is imposed by this judgment.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training, or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer. If unemployed, the defendant shall participate in employment readiness programs, as approved by the probation officer.

The defendant shall obtain prior written approval from the Court before entering into any self-employment.

The defendant shall not own, directly or indirectly, or be employed, directly or indirectly, in any health care business or service, which submits claims to any private or government insurance company, without the Court's approval.

Judgment — Page 5 of 6

DEFENDANT: TRACY RICHARDSON BROWN
CASE NUMBER: 2:13-00243-001 "K"

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,800.00 | $ | $ 2,004,391.63 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

X The court determined that the defendant does not have the ability to pay a fine. The Court waives the fine in this case.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| MEDICARE | | 2,004,391.63 | |

| **TOTALS** | $ | $ 2,004,391.63 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the   ☐ fine   X restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TRACY RICHARDSON BROWN
CASE NUMBER: 2:13-00243-001 "K"

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☒ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

THE SPECIAL ASSESSMENT IS DUE IMMEDIATELY. RESTITUTION IN THE AMOUNT OF $2,004,391.63 IS OWED TO THE VICTIM, MEDICARE, AND SHALL BE MADE IN MONTHLY INSTALLMENTS OF $250. PAYMENTS SHALL BEGIN WHILE THE DEFENDANT IS INCARCERATED. UPON RELEASE, ANY UNPAID BALANCE SHALL BE PAID AT A RATE OF $250 PER MONTH, AND LATER INSTALLMENTS TO BE PAID EACH MONTH UNTIL THE FULL AMOUNT HAS BEEN PAID. THE PAYMENT IS SUBJECT TO INCREASE OR DECREASE, DEPENDING ON THE DEFENDANT'S ABILITY TO PAY. THE DEFENDANT WHO IS JOINTLY AND SEVERALLY LIABLE FOR THE LOSS WITH SANDRA PARKMAN THOMPSON (UPON CONVICTION), ANTHONY STEPHEN JASE, M.D., MICHAEL S. HUNTER, M.D. AND MELANEY WILLIAMS BATISTE, SHALL MAKE RESTITUTION TO THE ABOVE VICTIM, EXCEPT THAT NO FURTHER PAYMENT SHALL BE REQUIRED AFTER THE SUM OF THE AMOUNTS ACTUALLY PAID BY ALL DEFENDANTS HAS FULLY COVERED ALL OF THE COMPENSABLE INJURIES. PAYMENTS SHALL BE MADE PAYABLE TO THE CLERK, UNITED STATES DISTRICT COURT, AND ARE TO BE FORWARDED TO THE FOLLOWING ADDRESS:

U. S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
500 POYDRAS STREET - ROOM C151
NEW ORLEANS, LOUISIANA 70130

THE U.S. BUREAU OF PRISONS, U.S. PROBATION OFFICE AND THE U.S. ATTORNEY'S OFFICE ARE RESPONSIBLE FOR ENFORCEMENT OF THIS ORDER.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Tracy Richardson Brown, EDLA cr13-243-001, $2,004,391.63, Medicare. Sandra Parkman Thompson, EDLA cr13-243-002, Pending Trial. Anthony Stephen Jase, M.D., MDLA cr11-132. Michael S. Hunter, M.D., MDLA cr12-149. Melaney Williams Batiste, EDLA cr12-252-001, $793,614.00.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: Forfeiture of the defendant's right, title and interest in certain property may be ordered consistent with the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.